613 A.2d 99

**PITTSBURGH BOARD OF EDUCATION, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SMITH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 8, 1992.

Decided July 21, 1992.

Veleter M.B. Mazyck, for petitioner.

Thomas P. Geer, for respondent.

Richard G. Spagnolli, for amicus curiae, Pa. Trial Lawyer's Ass'n.

Before CRAIG, President Judge, PELLEGRINI, J. and BLATT, Senior Judge.

CRAIG, President Judge.

The Pittsburgh Board of Education (employer) appeals the order of the Workmen's Compensation Appeal Board affirming a referee's decision to terminate total disability compensation to Sharon D. Smith (claimant) and to modify the referee's decision by releasing counsel fees, which had been held in escrow, to claimant's counsel. We affirm.

The facts of the case, as found by the referee and the board, are that the claimant, employed as a light housekeeper, sustained a compensable disabling injury on February 5, 1988. The employer issued a notice of compensation payable, but then filed a termination petition on October 10, 1988, based upon allegations that the claimant was able to return to her pre-injury job and that the claimant had fully recovered. The employer also requested a supersedeas, pursuant to § 413 of The Pennsylvania Workmen's Compensation Act.[1]

On February 16, 1989, the referee issued an interlocutory order denying the supersedeas, but ordered the employer to escrow 20% of the claimant's disability compensation for possible counsel fees (the "Attorney–Client Agreement" provided for counsel fees in the amount of 20%). On September 13, 1990, the referee concluded, after conducting hearings, that the claimant had fully recovered from her injury as of October 10, 1988. Although the referee also approved the counsel fee agreement, he concluded that the agreement was not operable in this case, thereby resulting in the release of the escrowed funds to the employer.

The claimant appealed to the board, which affirmed the referee's decision on the merits, but modified the referee's order as to the counsel fee agreement. Specifically, the board ordered that the escrowed funds be released to claimant's

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 774.

counsel to pay for services rendered from the filing of the termination petition to the date of the referee's order.

The employer now contends that the board erred in releasing the funds to claimant's counsel for the 23 months of service (October 1988 through September 1990) (1) because counsel waived the claim by failing to object to the interlocutory order escrowing the funds, and (2) because the claimant's partial success in the litigation by having the supersedeas denied does not automatically entitle the claimant to counsel fees under § 440 of the Act, 77 P.S. § 996.

■ The employer first asserts that claimant's counsel waived his right to counsel fees because he failed to object to the referee's interlocutory order placing 20% of the compensation payments into an escrow account. However, possible entitlement to escrowed funds is not related to the formation of such an account. Therefore, we cannot conclude that the claimant's counsel "waived" any claim for the escrowed money.

■ The second issue raised by the employer, that the board erred in awarding the claimant § 440 counsel fees, is simply a misconstruction of the board's order, which states:

> The escrow for possible counsel fees shall be released to Claimant's counsel and shall cover the period of time from the filing of the Termination Petition [October 10, 1988] to the date of the Referee's termination order of September 13, 1990. Any other fees in escrow shall be released to the Defendant or its insurance carrier.

Under § 440 of the Act, counsel fees are awarded *"in addition to the award* for compensation. . . ."  (emphasis added) when a claimant prevails and the employer did not have a reasonable basis for contesting the claim. Thus, where a client-attorney agreement provides for counsel's receiving 20% of the award (as in this case), an employer unreasonably contesting a claim could pay as much as 120% of the awarded compensation—100% of the award to the claimant plus an additional 20% for the claimant's counsel fees.

In the present case, the board did not award additional § 440 counsel fees; it allowed claimant's counsel to receive his

20% share of the compensation owed to the claimant as a result of counsel's assistance in obtaining an additional 23 months of benefits for the claimant. As long as the claimant was receiving compensation, her counsel was entitled to 20%, regardless of whether that money was being held in a separate account (80% being paid to the claimant; 20% being placed in escrow) or whether the claimant was paying her counsel directly out of the 100% payments she would have been receiving.[2]

Accordingly, we affirm the decision of the board.

## ORDER

NOW, July 21, 1992, the decision of the Workmen's Compensation Appeal Board, No. C.F. # 2589, dated December 9, 1991, is affirmed.

---

2. Pursuant to § 443 of the Act, 77 P.S. § 999, the employer can request reimbursement from the supersedeas fund for compensation paid to the claimant after the referee denied the supersedeas.