# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| County of Allegheny, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 82 C.D. 2016 |
| | : Argued: November 14, 2016 |
| Workers' Compensation Appeal | : |
| Board (Parker), | : |
| | : |
| Respondent | : |
| | |
| Harold Parker, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 112 C.D. 2016 |
| | : Argued: November 14, 2016 |
| Workers' Compensation Appeal | : |
| Board (County of Allegheny), | : |
| | : |
| Respondent | : |

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE JOSEPH M. COSGROVE, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED: December 20, 2016**

These consolidated matters are cross-petitions for review filed by County of Allegheny (Employer) and Harold Parker (Claimant) appealing an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision and order of a Workers' Compensation Judge (WCJ) denying Employer's petition for an order directing Claimant's counsel (Counsel) to refund unreasonable contest

attorney fees and denying Counsel's request for further attorney fees. For the reasons set forth below, we reverse the denial of Employer's petition and remand this matter with instructions to enter an order directing Counsel to refund to Employer the $14,750 in unreasonable contest attorney fees that Employer was erroneously ordered to pay Counsel and we affirm the Board's order insofar as it denied Counsel's request for additional fees.

The Board and WCJ orders at issue here arise out of a successful 2007 suspension petition filed by Employer concerning a work-related 1993 shoulder injury for which Claimant was receiving total disability benefits, 2009 and 2011 Board decisions reversing the suspension and awarding counsel fees, and a 2012 decision of this Court reversing the Board's decisions, *County of Allegheny (Shuman Center) v. Workers' Compensation Appeal Board (Parker)*, (Pa. Cmwlth., Nos. 2200 C.D. 2011 and 2278 C.D. 2011, filed September 18, 2012) (Reproduced Record (R.R.) at 189a-212a). In June 2007, Employer filed a petition to suspend Claimant's disability benefits on the ground that Claimant was offered and refused a job within his work restrictions and had voluntarily withdrawn from the workforce. (*County of Allegheny (Shuman Center)*, slip op. at 4, R.R. at 192a; 2008 WCJ Decision Finding of Fact (F.F.) ¶1(A), R.R. at 50a.) Employer based this petition on medical evidence from examinations between 2005 and 2007 and on Claimant's rejection of a light-duty position offered in 2007 that was different from modified duty positions that Employer had previously offered to Claimant. (*County of Allegheny (Shuman Center)*, slip op. at 5-7, 15-19, R.R. at 193a-195a, 203a-207a; 2008 WCJ Decision F.F. ¶¶4-6, R.R. at 53a-56a.) On April 23, 2008, a WCJ issued a decision and order granting Employer's suspension petition, finding that Claimant, who was 80 years old at the time, had failed to follow through in good faith on a job referral within his

2

physical limitations from his shoulder injury and had completely withdrawn from the workforce as a result of his age and medical conditions unrelated to his shoulder injury. (2008 WCJ Decision, R.R. at 48a-58a.)

Claimant appealed this decision to the Board. On June 24, 2009, the Board reversed on the ground that Employer was barred by collateral estoppel based on a 2004 WCJ decision denying an earlier suspension petition, held that Claimant was entitled to unreasonable contest attorney fees, and remanded the case to the WCJ to determine the amount of those fees. (*County of Allegheny (Shuman Center)*, slip op. at 8, R.R. at 196a; 2009 Board Opinion at 3-7, R.R. at 62a-66a.) Employer sought to appeal the Board decision to this Court, but this Court dismissed Employer's petition for review as premature because of the remand. (8/17/09 Order in No. 1450 C.D. 2009, R.R. at 67a.) On remand, the WCJ awarded Counsel attorney fees for time expended in the litigation of the 2007 suspension petition before the WCJ. (2009 WCJ Decision, R.R. at 68a-71a.) On October 27, 2011, the Board, following appeals by both Employer and Claimant, modified the attorney fee award and ordered Employer to pay Counsel attorney fees both for the work done before the WCJ on the suspension petition and also for Counsel's work on the appeal from the 2008 WCJ Decision. (2011 Board Opinion at 2-4, 6, R.R. at 85a-87a, 89a.)

On November 23, 2011, Employer timely filed a petition for review of the 2011 Board decision, appealing to this Court both the Board's 2009 reversal of the 2008 WCJ decision, which was now final and appealable, and the award of unreasonable contest attorney fees. (Employer Br. in 2200 C.D. 2011/2278 C.D. 2011 Appeal at 4, 12-28, 31, R.R. at 100a, 108a-124a, 127a.) Employer sought a supersedeas pending this appeal as to both compensation payments and the attorney

3

fees, but its applications for supersedeas were denied in their entirety. (2014 WCJ Decision at 4-5 F.F. ¶7; 12/22/11 Board Order, R.R. at 188a; 2/8/12 Order in No. 2200 C.D. 2011, R.R. at 174a.) In February 2012, following this Court's denial of supersedeas, Employer paid Counsel unreasonable contest attorney fees of $14,750 in compliance with the Board's 2011 order. (2014 WCJ Decision at 5 F.F. ¶7; Application for Supersedeas Fund Reimbursement, R.R. at 225a, 228a.)

On September 18, 2012, this Court reversed the Board's 2009 and 2011 decisions. The Court ruled that Employer's 2007 suspension petition was not barred by collateral estoppel because the issues were not the same as in the 2004 WCJ decision and that the Board erred in reversing the suspension of Claimant's benefits. (*County of Allegheny (Shuman Center)*, slip op. at 13-21, R.R. at 201a-209a.) In addition, the Court ruled that the Board erred in awarding unreasonable contest attorney fees because a claimant can recover attorney fees under the Workers' Compensation Act[1] only if he is the prevailing party. (*Id.* at 22-23, R.R. at 210a-211a.) Claimant petitioned the Pennsylvania Supreme Court for allowance of appeal and that petition was denied. *County of Allegheny (Shuman Center) v. Workers' Compensation Appeal Board (Parker)*, 70 A.3d 812 (Pa. 2013). After the denial of Claimant's petition for allowance of appeal, Employer filed an application with the Bureau of Workers' Compensation (Bureau) for Supersedeas Fund reimbursement of both the $106,999.62 in compensation paid to Claimant and to Counsel under his contingent fee agreement as a result of the Board's 2009 decision and the $14,750 in unreasonable contest attorney fees paid to Counsel as a result of

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708. Sections 440 and 443 of the Workers' Compensation Act, discussed herein, were added by the Act of February 8, 1972, P.L. 25.

the Board's 2009 and 2011 decisions. (2014 WCJ Decision at 6 F.F. ¶7; Application for Supersedeas Fund Reimbursement, R.R. at 224a-232a.) The Bureau approved only reimbursement of $106,999.62, and denied Employer's request for the $14,750 in unreasonable contest attorney fees because such fees are not reimbursable under Section 443 of the Workers' Compensation Act, 77 P.S. § 999. (2014 WCJ Decision at 6 F.F. ¶7; 12/13/13 Bureau Letter, R.R. at 235a.)

Because reimbursement was not available from the Supersedeas Fund, Employer filed the petition that is the subject of this appeal, seeking an order requiring Counsel to refund the $14,750 in unreasonable contest attorney fees. The WCJ assigned to this petition held a hearing at which Employer introduced in evidence decisions and other documents in the case from the 2008 WCJ decision through the decision on Employer's request for Supersedeas Fund reimbursement and Counsel asserted a request for unreasonable contest fees in opposing Employer's petition for refund. (Hearing Transcript, R.R. at 18a-44a.) On October 20, 2014, the WCJ denied Employer's petition. The WCJ rejected Claimant's contention that Employer had waived its argument that it was entitled to a refund, but held that there was no clear precedent for an order requiring return of unreasonable contest attorney fees and that such an order would deter attorney fee requests. (2014 WCJ Decision Conclusions of Law (C.L.) ¶¶2-3.) The WCJ concluded that "Claimant's counsel may voluntarily return the fees awarded pursuant to ethical and moral principles, but he will not be ordered to do so." (*Id.* C.L. ¶6.) The WCJ also denied Counsel's request for unreasonable contest fees on the ground that Employer's petition was a good faith dispute over an unsettled issue

5

of law. (*Id.* C.L. ¶4.) Employer and Claimant timely appealed and on December 22, 2015, the Board affirmed. These appeals followed.[2]

Employer argues that under this Court's decision in *Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280 (Pa. Cmwlth. 2010), it can recover from Counsel the invalid unreasonable contest attorney fees award that it was required to pay to him and that the WCJ and Board therefore erred in denying its petition for refund. We agree.

In *Barrett*, this Court held that where litigation costs are awarded and are paid by the employer as a result of denial of a stay and the award of costs is later reversed on appeal, the employer is entitled to an order requiring the claimant's counsel to repay the erroneously awarded costs. 987 A.2d at 1290. The Court concluded that allowing counsel to retain costs to which he was not entitled would result in an unjust enrichment and would deprive the employer of any meaningful appeal from an erroneous costs award because litigation costs cannot be recovered from the Supersedeas Fund. *Id.* The Court further concluded that such a reimbursement order did not impose hardship on the claimant because no recovery of compensation benefits was sought from anyone and the reimbursement was sought from the claimant's counsel, not from the claimant. *Id.* (noting that "our jurisprudence forbidding the return of overpayment of compensation benefits by a claimant has no relevance here because litigation costs, not compensation benefits, are at issue" and that "[i]t is [c]laimant's counsel that will be affected, not [c]laimant, and it will not affect [c]laimant's compensation benefits") (footnote

---

[2] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights or Board procedures were violated. *Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280, 1286 n.11 (Pa. Cmwlth. 2010).

6

omitted). The Court, accordingly, held that where the employer has been erroneously ordered to pay litigation costs, "the WCJ can order [c]laimant's counsel to refund the overpayment." *Id.* Following *Barrett*, this Court has upheld WCJ orders requiring counsel for claimants in other cases to reimburse costs awarded for claims on which the claimants did not prevail. *See Daniels v. Workers' Compensation Appeal Board (Giancarli Construction Co.)*, (Pa. Cmwlth., No. 1299 C.D. 2015, filed Feb. 4, 2016), slip op. at 5, 2016 WL 453504 at *3; *Lewis-Briggs v. Workers' Compensation Appeal Board (Department of Public Welfare)*, (Pa. Cmwlth., No. 1785 C.D. 2012, filed Nov. 8, 2013), slip op. at 7-8, 2013 WL 5973939 at *4.[3]

Although *Barrett* involved non-attorney fee litigation costs, our reasoning in *Barrett* is equally applicable to the unreasonable contest attorney fees here and compels the conclusion that Employer is entitled to an order requiring Counsel to refund the $14,750 that he was erroneously awarded. Every factor on which this Court based its holding in *Barrett* is present here. Awards of non-attorney fee litigation costs and unreasonable contest attorney fees are made under the same section of the Workers' Compensation Act, Section 440, which provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses,

---

[3] *Daniels* and *Lewis-Briggs* are unreported decisions. These decisions are therefore not binding precedent, but are considered by the Court for their persuasive value. 210 Pa. Code § 69.414(a).

> necessary medical examination, and the value of unreimbursed
> lost time to attend the proceedings: Provided, That cost for
> attorney fees may be excluded when a reasonable basis for the
> contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added). Indeed, Section 440 includes unreasonable contest attorney fees as a type of litigation cost. While awards of attorney fees are subject to additional requirements not applicable to other costs, both unreasonable contest attorney fees and other litigation costs are payment "in addition to the award for compensation," not payment of compensation benefits, and both are equally limited to claimants "in whose favor the matter at issue has been finally determined." *Id.* Therefore, as in *Barrett*, an order to refund unreasonable contest attorney fees involves no repayment of compensation benefits and denying a refund order results in the same unjust enrichment of allowing an unsuccessful claimant's counsel to keep funds that may only be awarded where the claimant is the prevailing party.

The lack of any other remedy is also the same for unreasonable contest attorney fees as it is for other costs. Because Supersedeas Fund reimbursement is limited to "payments of compensation," 77 P.S. § 999(a), only disability and medical payments can be recovered and an employer, following a successful appeal, has no recourse from the Supersedeas Fund for either unreasonable contest attorney fees or other litigation costs. *Universal AM-CAN, Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 870 A.2d 961, 966-67 (Pa. Cmwlth. 2005). Finally, as in *Barrett*, the order sought by Employer here would require only that Counsel refund money that he received and would not require any payment from Claimant.

Claimant and *amicus curiae* Pennsylvania Association for Justice (Amicus) argue that unreasonable contest attorney fees should be treated differently

8

from other litigation costs because counsel for claimants may pay such fees or a portion of the fees to the claimant. This argument has no merit here. There is no dispute that Counsel has not paid any of the $14,750 to Claimant and there is no evidence or claim that Counsel's fee agreement with Claimant imposes a legal obligation on Counsel to pay any of the unreasonable contest attorney fees to Claimant. Rather, Counsel contends only that at some point in the future he "intends to" pay some or all of the unreasonable contest attorney fees to Claimant to reimburse contingent fees which had been deducted from Claimant's compensation. (Respondent-Cross-Petitioner's Br. at 4, 7, 12.) Any benefit to Claimant from allowing Counsel to retain the fees here is thus, at most, speculative.

Moreover, even if Claimant would receive a future payment from the unreasonable contest attorney fees, that would not be grounds for denying a refund to Employer of the erroneously awarded fees. Claimant was paid over $106,000 in compensation for a period when his benefits should have been suspended, of which, after deduction of the 20% contingent fee paid to Counsel, Claimant received over $84,000. Employer's petition does not require Claimant or Counsel to return any of that overpayment. Denying Claimant an additional payment, above the overpayment that he has already received and will retain, does not deprive Claimant of full payment of any compensation to which he was entitled.

Claimant and Amicus also argue that reimbursement would have a chilling effect on the representation of claimants and the seeking of unreasonable contest attorney fees. This argument likewise fails. There is no showing that reimbursement of unreasonable contest attorney fees creates any special hardship or any greater difficulties than the reimbursement of other litigation costs ordered in *Barrett*. While reimbursement of unreasonable contest attorney fees may alter tax

9

liability for past years, that would be equally true where counsel must repay other erroneously awarded costs, as those payments of costs would presumably have reduced counsel's expenses and increased taxable income in those years.[4] In any event, if a claimant's counsel feels that refunding erroneous payments or escrowing them pending appeal create an unacceptable burden, counsel can avoid that burden by consenting to a stay of the award of unreasonable contest counsel fees during the pendency of an appeal.

Allowing retention of improperly awarded unreasonable contest attorney fees is neither necessary nor appropriate to the protection of claimants' rights to obtain compensation to which they are entitled. An order to return fees erroneously awarded for unsuccessful litigation does not reduce counsel's ability to recover unreasonable contest attorney fees for successful claimants who are entitled to those fees nor does it reduce the amount of the fees received where unreasonable contest attorney fees are validly awarded. Moreover, WCJs have the ability and duty to award unreasonable contest attorney fees *sua sponte* under Section 440 where a claimant's counsel fails to request such fees. *Ramich v. Workers' Compensation Appeal Board (Schatz Electric, Inc.)*, 770 A.2d 318, 321-25 (Pa. 2001). Denying reimbursement of erroneously awarded fees compensates counsel and claimants for seeking benefits and fees to which they are not entitled, rather than enhancing the fee award for valid claims or facilitating the ability to obtain valid fee awards. The purpose of Section 440 is "to discourage <u>unreasonable</u>

---

[4] Indeed, Counsel's protestations that subsequent adjustments to income from repayment of unreasonable contest attorney fees would "present a tax and accounting nightmare" (Respondent-Cross-Petitioner's Br. at 9) are contradicted by his representations that he intends to pay some or all of those fees to Claimant in the future and is therefore evidently willing and able to make adjustments to the fees years after they were received.

contests of workers' claims by employers and to ensure that <u>successful</u> claimants receive compensation benefits undiminished by the costs of litigation," *Ramich*, 770 A.2d at 323 (emphasis added), not to reward counsel and claimants who have pursued unmeritorious claims and legal positions.

Claimant also argues that *Barrett* should not apply to attorney fees because this Court held in *Pittsburgh Board of Education v. Workmen's Compensation Appeal Board (Smith)*, 613 A.2d 99 (Pa. Cmwlth. 1992), and *Sciulli v. Workmen's Compensation Appeal Board (Health Center Hospital Service Corp.)*, 615 A.2d 920 (Pa. Cmwlth. 1992), that claimants' counsel were entitled to attorney fees despite the fact that the claimants were not successful in the litigation. We do not agree. As Claimant concedes, *Pittsburgh Board of Education* and *Sciulli* involved contingent fees paid out of the claimants' compensation benefits, not unreasonable contest fees. Counsel were entitled to the fees, not because they were attorney fees, but because they were compensation payments that the employers were required to make to claimants until there was an order terminating or suspending benefits, regardless of whether the claimants prevailed in the litigation, and the employers could recover the overpayments from the Supersedeas Fund. *Sciulli*, 615 A.2d at 923; *Pittsburgh Board of Education*, 613 A.2d at 100-01 & n.2. Unreasonable contest attorney fees under Section 440, in contrast, are not compensation payments, can only be awarded to a successful claimant, and cannot be reimbursed by the Supersedeas Fund. *Pittsburgh Board of Education* and *Sciulli* therefore have no applicability here.

Finally, Claimant contends that Employer waived its right to seek a refund of the unreasonable contest attorney fees in its 2011 appeal to this Court. That is without merit. Employer was not required to obtain an order from this Court

11

before filing its petition for refund of unreasonable contest attorney fees. As this Court held in *Barrett*, a WCJ has the authority to issue such an order. 987 A.2d at 1290; *Daniels*, slip op. at 5, 2016 WL 453504 at *3; *Lewis-Briggs*, slip op. at 7-8, 2013 WL 5973939 at *4. Until this Court reversed the Board's 2009 decision on September 18, 2012, Employer had no basis for filing a petition for refund. In any event, Employer fully raised the issue of refund of the attorney fee award in its 2011 appeal. Employer did not pay the unreasonable contest attorney fees to Counsel until February 2012, after it filed its petition for review and after its applications for stay were denied. In its brief in the 2011 appeal filed on February 29, 2012, its first filing after the fees were paid to Counsel, Employer specifically addressed the issue of refund and argued that it would be entitled to a refund of the unreasonable contest attorney fees under *Barrett* if the Court reversed the Board's 2009 decision. (Employer Brief in 2200 C.D. 2011/2278 C.D. 2011 Appeal at 27-28, R.R. at 123a-124a.)

For the foregoing reasons, we conclude that the WCJ and the Board erred in denying Employer's petition for an order directing Counsel to refund the unreasonable contest attorney fees that were erroneously awarded in this case. We therefore reverse and remand this matter with instructions to grant Employer's petition and order Counsel to refund to Employer the $14,750 in unreasonable contest attorney fees that Employer paid to Counsel. With respect to Claimant's cross-appeal, we affirm the WCJ's and Board's denial of Claimant's requests for additional unreasonable contest attorney fees. As discussed above, under Section 440 of the Workers' Compensation Act, unreasonable contest attorney fees may be

awarded only to a claimant that prevails in the litigation, and Employer, not Claimant, is the prevailing party.[5]

 

                                   _____

                                   JAMES GARDNER COLINS, Senior Judge

Judge McCullough and Judge Wojcik did not participate in the decision in this case.

---

[5] Indeed, even if Employer did not prevail, the request for unreasonable contest attorney fees here would be without merit. Employer's petition for refund involved a genuine, good faith dispute over an unsettled question of law, as the WCJ and Board properly concluded, not an unreasonable contest. Moreover, Employer's petition sought only a refund of attorney fees from Counsel, not any recovery from Claimant. Unreasonable contest attorney fees cannot be awarded under Section 440 for efforts by counsel directed solely at securing and defending their fee awards. *Weidner v. Workmen's Compensation Appeal Board*, 442 A.2d 242, 245 (Pa. 1982); *Brose v. Workers' Compensation Appeal Board (Keystone Optical Laboratory)*, 710 A.2d 637, 640 (Pa. Cmwlth. 1998).

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny,                          :
                                              :
                    Petitioner                :
                                              :
          v.                                  :      No. 82 C.D. 2016
                                              :
Workers' Compensation Appeal                  :
Board (Parker),                               :
                                              :
                    Respondent                :

Harold Parker,                                :
                                              :
                    Petitioner                :
                                              :
          v.                                  :      No. 112 C.D. 2016
                                              :
Workers' Compensation Appeal                  :
Board (County of Allegheny),                  :
                                              :
                    Respondent                :

# **O R D E R**

AND NOW, this 20ᵗʰ day of December, 2016, the order of the Workers' Compensation Appeal Board (Board) in the above matter is REVERSED insofar as it denied the petition of County of Allegheny (Employer) for an order directing David M. Landay, Esquire (Counsel) to refund unreasonable contest attorney fees that Employer was erroneously ordered to pay to Counsel. This case is REMANDED to the Board to remand to a Workers' Compensation Judge (WCJ) with instructions to grant Employer's petition and order Counsel to refund to Employer the $14,750 in unreasonable contest attorney fees that Employer paid to

Counsel.  The Board's order is AFFIRMED insofar as it affirmed the WCJ's denial of Counsel's request for additional unreasonable contest attorney fees.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| County of Allegheny,<br>　　　　　　Petitioner | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Parker), | : | No. 82 C.D. 2016 |
| 　　　　　　Respondent | : | Argued:  November 14, 2016 |


| | | |
|---|---|---|
| Harold Parker,<br>　　　　　　Petitioner | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (County of Allegheny), | : | No. 112 C.D. 2016 |
| 　　　　　　Respondent | : | Argued:  November 14, 2016 |


BEFORE:　　HONORABLE MARY HANNAH LEAVITT, President Judge
　　　　　　HONORABLE JOSEPH M. COSGROVE, Judge
　　　　　　HONORABLE JAMES GARDNER COLINS, Senior Judge


DISSENTING OPINION
BY JUDGE COSGROVE　　　　　　　　　FILED:  December 20, 2016


　　　　While the Majority is correct in finding that Employer has not waived its right to seek a refund of the unreasonable contest attorney fees, and further, that Claimant is not entitled to additional fees regarding his opposition to Employer's efforts in seeking that refund, I cannot agree that Claimant's counsel is required to refund the unreasonable contest attorney fees which were previously awarded in this case.  I must therefore respectfully dissent.

The Majority's reasoning centers on this Court's decision in *Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.),* 987 A.2d 1280 (Pa. Cmwlth. 2010). Unfortunately, *Barrett* does not provide sufficient support for a principle as consequential as the Majority posits. In *Barrett*, the employer sought reimbursement of deposition costs from claimant's counsel which it had been ordered to pay in a matter where it, not the claimant, ultimately prevailed. Citing *Lucey v. Workmen's Compensation Appeal Board (Vy-Cal Plastics PMA Group),* 732 A.2d 1201 (Pa. 1999), the Court noted that the order to reimburse the deposition cost, "while unusual, is not without precedent," and held that "the [Workers' Compensation Judge (WCJ)] can order [c]laimant's counsel to refund" the costs of the deposition. *Barrett*, 987 A.2d at 1290.

The problem with this analysis is that reimbursement of attorney fees was not at issue in *Lucey*. In that case, the Supreme Court "granted review limited to [an] issue ... [relating to] subrogation credit arising from the negotiated settlement between claimant and his medical services provider." *Lucey,* 732 A.2d at 1203. In its recitation of facts, the Supreme Court mentioned an earlier order by a WCJ directing counsel to repay attorney fees, but this fact was not at issue in the case before the Court, nor did the Court offer any hint as to whether it approved or disapproved of such action. Nonetheless, the *Barrett* court invokes this mere factual reference, and while recognizing that ordering refund of attorney fees is "unusual," cites *Lucey* as "precedent" for its decision allowing the refund of deposition costs.

The Majority takes this thin thread and stretches it beyond what *Barrett* even arguably suggests. If, indeed, reimbursement of costs is the norm established by *Barrett*, that case, built on the non-decision in *Lucey*, offers no

support for reimbursement of attorney fees. This fact, however, does not dissuade the Majority. Instead, in a sort of reverse gymnastics, it takes Section 440, which allows for *payment* of both costs and attorney fees in successful unreasonable contest matters, and concludes that the opposite must also be true, i.e., that *reimbursement* of attorney fees may likewise be ordered in the unsuccessful unreasonable contest case. This logic is creative, but finds no harbor in the statute itself.

Even more troubling is the Majority's conflation of two discrete concepts: costs and attorney fees. The Majority suggests that since Section 440 discusses attorney fees in the context of costs, then these fees must be nothing more than a *species* of costs, not unlike the expense incurred in the taking of a deposition as was addressed in *Barrett*. But attorney fees are not merely costs. They are awarded in the successful unreasonable contest case under Section 440 for important policy reasons, "serv[ing] both to discourage [unreasonable] contests and **to encourage competent legal representation**" in unreasonable contest claims. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 592 A.2d 358, 361 (Pa. Cmwlth. 1991) (emphasis added). The present ruling flouts this policy and can only work to *dis*courage rather than *en*courage counsel's participation in the workers' compensation process, and diminish the importance of skilled advocacy to that process.

If, indeed, the Majority aims to "prevent[] claimant's counsel's unjust enrichment," it should base its decision on something stronger than the argument it

makes.[1]   Neither *Lucey* nor *Barrett* provide the necessary precedent for the conclusion reached by the Majority, which likewise lacks statutory support.  If the problem identified by the Majority exists, it is not for this Court to fashion a remedy, as it has, out of whole cloth, but instead is best and more properly left to the legislature.  Since I cannot support this aspect of the Majority's holding, I must respectfully dissent.

_____
JOSEPH M. COSGROVE, Judge

---

[1] There is nothing in the record to indicate that counsel did not provide competent, professional service.  Nor, given the fluctuation between the grant and reversal of the underlying unreasonable contest claim, is there any suggestion that this claim was not at least of arguable merit and not at all frivolous.  What cannot be ignored is that the payment of attorney fees in the first place occurred as a result of this Court's refusal to grant a supersedeas in February of 2012 as requested by Employer.  2014 WCJ Decision at 5 F.F. Paragraph 7.  We must assume that the Court's decision denying the supersedeas was thoughtful and based on the merits presented, thus making the present decision all the more difficult to grasp.

JMC - 4