COUNTY OF ALLEGHENY

v.

WORKERS' COMPENSATION
APPEAL BOARD
(PARKER)

Appeal of: Harold Parker

Harold Parker, Appellant

v.

Workers' Compensation Appeal Board
(County of Allegheny), Appellees

No. 28 WAP 2017
No. 29 WAP 2017

Supreme Court of Pennsylvania.

Argued: October 17, 2017

Decided: January 18, 2018

David Mark Landay, Esq., Parker, Harold, for Appellant.

Bradley R. Andreen, Esq., O'Brien, Rulis & Bochicchio, L.L.C., County of Allegheny, for Appellee.

Amber Marie Kenger, Esq., Workers' Compensation Appeal Board, Workers' Compensation Appeal Board, for Appellee.

Cindy Elaine Sheaffer, Esq., Workers' Compensation Appeal Board, for Appellee.

George E. Martin III, Esq., Martin Law LLC, Pennsylvania Association for Justice, for Appellant Amicus Curiae.

SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.

## OPINION

JUSTICE BAER

### I. Introduction

Section 440 of the Workers' Compensation Act ("the Act"), 77 P.S. § 996, provides that an employee in a workers' compensation case is entitled to attorney's fees when an insurer unreasonably contests its liability under the Act.[1] In the case *sub*

---

1. Section 440 provides, in relevant part, as follows:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce, or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case

*judice*, the employer, Allegheny County, was ordered to pay $14,750.00 in attorney's fees under Section 440 after the Workers' Compensation Appeal Board ("WCAB") determined that the County unreasonably contested its liability under the Act. Though the County sought supersedeas of that order, arguing that the finding of liability was in error, supersedeas was denied. Thus, the County complied with the order and paid the awarded fee to the employee's counsel. Upon reaching the merits of the County's appeal, however, the Commonwealth Court reversed, concluding that the County not only had a reasonable basis for its contest, but, indeed, a prevailing one, and that the employee was no longer entitled to workers' compensation benefits. Thereafter, the County filed a separate petition before a Workers' Compensation Judge ("WCJ") in which it sought reimbursement of the erroneously awarded attorney's fees from the employee's counsel.

We granted allowance of appeal in this matter to consider whether a court may order an employee's attorney to disgorge erroneously awarded, but already paid, unreasonable contest attorney's fees pursuant to Section 440, when the substantive basis for the award is later overturned on appeal. For the reasons that follow, we hold that the General Assembly, in enacting the Workers' Compensation Act, did not provide any mechanism by which employers can recoup erroneously awarded counsel fees, once paid. Rather, the General Assembly contemplated that when a merits appeal is undertaken, a court may grant supersedeas of an order awarding attorney's fees. Because such a supersede-

as was requested and denied in this case, thus requiring the appellee to pay the awarded attorney's fees, and there is no statutory provision authorizing reimbursement if the award is reversed, we hold that the County may not recoup the already paid attorney's fees from the employee's counsel. Accordingly, we vacate the Commonwealth Court's order and reinstate the order of the WCAB, which affirmed the denial of the County's reimbursement petition.

## II. Background

The instant appeal involves a prolix factual and procedural history spanning several decades and involving numerous decisions related to the County's repeated attempts to suspend Harold Parker's ("Parker") workers' compensation benefits. However, we recite only those facts necessary to resolve the discrete legal issue before us.

On September 12, 1993, Parker sustained an injury to his shoulder during the course of his employment as the chief supervisor of the Allegheny County Schuman Detention Center ("Schuman Center"). Because Parker's injury prevented him from continuing to work in that position, he began receiving disability benefits under the Act.

In 2002, the County filed a petition to suspend Parker's workers' compensation benefits, in which it alleged that Parker voluntarily withdrew from the workforce altogether by failing to seek work within his physical capabilities. Ultimately, a WCJ determined that Parker had not voluntary removed himself from the work-

---

may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and

the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer. 77 P.S. § 996.

force and ordered the County to continue paying his disability benefits. WCJ Decision and Order, 12/28/04, at 2.

In June of 2007, the County filed another suspension petition, again arguing that Parker voluntarily removed himself from the workforce. This time, however, the County averred that Parker's condition had improved since the County's previous attempt to suspend his workers' compensation benefits and that Parker declined a specific job offer within his work abilities. Following a hearing, a WCJ found that Parker had indeed failed to follow through in good faith on a job offer within his work restrictions and granted the County's suspension petition.

Parker appealed to the WCAB, arguing that the County was collaterally estopped from pursuing the 2007 suspension because its 2002 petition, purportedly on the same basis, was denied by a WCJ. Agreeing with Parker that collateral estoppel barred the County's 2007 suspension petition, the WCAB reversed.[2] Consistent with its erroneous conclusion that the 2007 petition raised the same grounds for suspension rejected by the WCJ in the County's 2002 petition, the WCAB further held that the County lacked a reasonable basis for the 2007 contest and awarded attorney's fees under Section 440 of the Act. *See* 77 P.S. § 996(a) (providing that when an employer contests liability under the Act but the employee prevails, the employee shall be entitled to attorney's fees unless "a reasonable basis for the contest has been established by the employer"). It was subsequently determined that the County

owed $14,750.00 in attorney's fees for its unreasonable contest.

Thereafter, the County filed an appeal with the Commonwealth Court, arguing, *inter alia*, that the WCAB erred in concluding that the County was collaterally estopped from pursuing the 2007 suspension because that petition was based upon different grounds for suspension than the 2002 petition. Consistent with its position that it was not collaterally estopped from pursuing the 2007 suspension, the County further argued that it had a reasonable basis for contesting its liability and that the WCAB erred in awarding unreasonable contest attorney's fees under Section 440.

■ Simultaneous with its appeal on the merits, the County filed before the WCAB a separate request for supersedeas of the attorney's fee payments pending its merits appeal to the Commonwealth Court pursuant to Pa.R.A.P. 1781 (providing for a stay pending action on petition for review of an order of any government unit) and Section 111.21 of the Special Rules of Administrative Practice and Procedure Before the Workers' Compensation Appeal Board, 34 Pa. Code § 111.21 (setting forth requirements for a request for supersedeas of a workers' compensation order). In support of its request, and, indeed, portending the issue currently before this Court, the County argued that it would suffer irreparable injury if forced to pay the erroneously awarded fees because the Workers' Compensation Supersedeas Fund established by the General Assembly under Sec-

---

**2.** The WCAB's determination in this regard was ultimately found to be erroneous and was overturned by the Commonwealth Court. However, any issues regarding the merits of the County's 2007 suspension petition and application of collateral estoppel thereto have been finally determined, and are not within the scope of the instant appeal. Rather, as

noted, this matter involves a separately litigated appeal related to the County's subsequent attempt to recoup attorney's fees that it was required to pay due to the WCAB's erroneous application of the collateral estoppel doctrine. Consequently, our analysis begins with the premise that the attorney's fees were initially awarded in error.

tion 443 of the Act ("Section 443 Fund"), 77 P.S. § 999, which provides a fund to reimburse employers for erroneously awarded workers' compensation benefits, does not provide for reimbursement of attorney's fees paid for an unreasonable contest.[3] Nonetheless, the WCAB denied the County's request for supersedeas.

Following the WCAB's denial of supersedeas, the County filed a supersedeas request before the Commonwealth Court, again arguing that it would suffer irreparable injury if forced to pay the erroneous attorney's fee award. The Commonwealth Court denied the County's request for supersedeas in a single sentence order. Consequently, the County, having no other recourse at that time, paid the $14,750.00 award to Parker's attorney. See 77 P.S. § 971 (providing that an employer who refuses to furnish payment without being granted a supersedeas shall be subject to a penalty). It also continued paying Parker's workers' compensation benefits.

When the Commonwealth Court ultimately reached the merits of the County's appeal, it determined that the WCAB erred in holding that the County was collaterally estopped from suspending Parker's benefits. County of Allegheny v. Workers' Compensation Appeal Board, 2012 WL 8704384 (Pa. Cmwlth. September 18, 2012) ("Parker I"). Initially, the Commonwealth Court observed that in the proceedings on the County's 2002 petition, the issue before the WCJ was whether Parker had voluntarily withdrawn from the workforce altogether based upon his physical condition at that time. Id. at *9. Conversely, in its 2007 suspension petition, the County presented new medical evidence that Parker's condition had improved and that he declined a specific offer for a light duty position within his physical abilities. Id.

Thus, the Commonwealth Court determined that the 2007 petition raised new grounds for suspension and that the WCAB erred in reversing the WCJ's suspension of Parker's benefits based upon the collateral estoppel doctrine. Id. Having determined that the WCAB erred in reversing the WCJ's suspension of benefits, the Commonwealth Court further held that the WCAB erred in granting Parker's

---

3. Section 443 of the Workers' Compensation Act provides, in relevant part, as follows:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. Application for reimbursement shall be made to the department on forms prescribed by the department and furnished by the insurer. Applications may be assigned to a workmen's compensation referee for a hearing and determination of eligibility pursuant to this act. An appeal shall lie in the manner and on the grounds provided in section 423 of this act, from any allowance or disallowance of reimbursement under this section.

77 P.S. § 999 (citations omitted).

It is well-settled that an employer must satisfy the following five requirements to be entitled to reimbursement from the Section 443 Fund: (1) a supersedeas must have been requested; (2) the request for supersedeas must have been denied; (3) the request must have been made under Section 413 of the Act; (4) payments were continued because of the order denying supersedeas; and (5) in the final outcome of the proceedings, it was determined that such compensation was not, in fact, payable. See, e.g., H.A. Harper Sons, Inc. v. WCAB (Sweigart), 84 A.3d 363, 366 (Pa. Cmwlth. 2014). As will be discussed in further detail infra, there is no dispute among the parties that the fund established under Section 443 does not permit reimbursement of attorney's fees. See Universal AM-CAN, Ltd. v. WCAB (Minteer), 870 A.2d 961 (Pa. Cmwlth. 2005) (holding that attorney's fees could not be reimbursed from the Section 443 Fund).

counsel unreasonable contest attorney's fees under Section 440. *Id.* at *10 ("Because this Court has determined that Claimant did not prevail, Claimant is not entitled to attorney's fees."). Accordingly, the Commonwealth Court reversed the WCAB's order awarding attorney's fees.

This Court denied Parker's subsequent petition for allowance of appeal of the Commonwealth Court's decision in *Parker I. County of Allegheny (Shuman Center) v. Workers' Compensation Appeal Board (Parker)*, 620 Pa. 733, 70 A.3d 812 (2013) (*per curiam*). Following this Court's denial of *allocatur*, the County filed a petition with the Bureau of Workers' Compensation ("Bureau") in which it sought reimbursement from the Section 443 Fund of the workers' compensation benefits and the unreasonable contest attorney's fees it paid as a result of the WCAB's erroneous collateral estoppel determination. *See* Section 443 of the Workers' Compensation Act, 77 P.S. § 999 (providing for reimbursement of compensation paid following a denial of supersedeas where it is ultimately determined that compensation was not, in fact, payable).

■. As the County accurately observed in its supersedeas request before the Commonwealth Court, however, the Section 443 Fund provides for reimbursement of compensation benefits only. *See Universal AM–CAN, Ltd. v. WCAB (Minteer)*, 870 A.2d 961 (Pa. Cmwlth. 2005) (holding that attorney's fees could not be reimbursed from the Section 443 Fund). Accordingly, while the Bureau granted the County's petition to the extent it sought reimbursement of the compensation benefits it paid to Parker during the relevant period, it denied reimbursement of the Section 440 unreasonable contest attorney's fees paid to Parker's counsel.

When the County could not recoup the attorney's fees from the Section 443 Fund, it filed for reimbursement from Parker's counsel directly.[4] Following a hearing, a WCJ denied the County's refund petition. The WCJ observed that there is no clear precedent for requiring the return of previously paid unreasonable contest attorney's fees. Moreover, according to the WCJ, allowing disgorgement of the attorney's fees would frustrate the purpose of Section 440 and would be inconsistent with the overall remedial purpose of the Act.

In this regard, the WCJ observed that Section 440 was enacted to discourage employers from bringing unreasonable contests of their liability under the Act. In the WCJ's view, this purpose would be undermined if an employer could ultimately recover previously paid unreasonable contest attorney's fees "as employers would then be less concerned about mounting questionable or marginal petitions and defenses." WCJ Opinion, 10/16/2014, at 6. This emboldening of employers, in turn, would have a "chilling effect" on the willingness of a claimant's attorneys to assert that an insurer unreasonably contested its liability. *Id.* (stating that "orders of disbursement would have a chilling effect on injured worker attorneys demanding fees and judges awarding the same"). Accordingly, the WCJ construed the Act to preclude disgorgement from a claimant's attorney and denied the County's petition.

The WCAB affirmed and the County appealed to the Commonwealth Court, arguing that it could recover the improperly awarded attorney's fees under that court's decision in *Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280, 1290 (Pa. Cmwlth. 2010) (holding that the employer was entitled to an order requiring the claimant's counsel to

4. As noted, the County's reimbursement peti-

tion is the subject of the instant appeal.

repay the erroneously awarded litigation costs). In a published opinion, a three-judge panel of the Commonwealth Court reversed and remanded to the WCJ with instructions to grant the County's petition and order that Parker's counsel refund the $14,750.00 in attorney's fees to the County. *County of Allegheny (Shuman Center) v. Workmen's Compensation Appeal Board (Parker)*, 151 A.3d 1210 (Pa. Cmwlth. 2016) ("*Parker II*"). The Commonwealth Court concluded that its decision in *Barrett* directly controlled the instant matter.

In *Barrett*, the claimant was awarded costs pursuant to Section 440 of the Act related to a deposition taken while he was defending the employer's termination petition. *Barrett*, 987 A.2d at 1289. Following an appeal, however, the claimant did not ultimately prevail on the merits of the case. *Id.* Concluding that the employer's appeal would be rendered meaningless and that the claimant would be unjustly enriched unless the employer could recoup the erroneously awarded deposition costs, the Commonwealth Court held that the claimant was required to disgorge the awarded costs. *Id.* at 1290.

While the *Barrett* court acknowledged that such an order was unusual, it observed that it was not without precedent. *Id.* (citing *Lucey v. Workmen's Compensation Appeal Board (Vy–Cal Plastics PMA Group)*, 557 Pa. 272, 732 A.2d 1201 (1999) (noting that the WCJ ordered the claimant's counsel to repay improperly awarded counsel fees)).[5] Though the Commonwealth Court in the case *sub judice* observed that its decision in *Barrett* involved costs relat-

ed to a deposition, as opposed to attorney's fees, it concluded that the reasoning employed in *Barrett* applied equally to the attorney's fees at issue here. *Parker II*, 151 A.3d at 1214.

The Commonwealth Court further observed that the County lacked any other remedy to recover the fees it ultimately should not have been required to pay and that allowing retention of the improperly awarded attorney's fees would result in unjust enrichment to Parker's attorney. *Id.* at 1215–16. The intermediate court rejected Parker's contention that permitting employers to recoup erroneously awarded fees would have a "chilling effect" on the representation of claimants seeking unreasonable contest attorney fees. *Id.* at 1216. According to the Commonwealth Court, because Parker was not ultimately the prevailing party in the underlying litigation, he was not entitled to unreasonable contest attorney's fees under Section 440. See 77 P.S. § 996(a) (allowing unreasonable contests attorney's fees for claimants "in whose favor the matter at issue has been finally determined"). Thus, the Commonwealth Court determined that allowing the County to seek reimbursement from Parker's counsel was consistent with the policy advanced by Section 440 of discouraging unreasonable contests of workers' compensation claims.[6] *Id.* at 1216 (citing *Ramich v. Workers' Compensation Appeal Board (Schatz Electric, Inc.)*, 564 Pa. 656, 770 A.2d 318, 321–25 (2001)). Consequently, it remanded the case to the WCJ with instructions that the County be refunded the $14,750.00 it should not have been required to pay. *Id.* at 1217.[7]

---

**5.** Importantly, this Court in *Lucey* did not directly address the issue of whether erroneously awarded costs or counsel fees may be disgorged. Rather, we merely observed, as part of the factual history of that case, that the WCJ had ordered reimbursement of counsel fees. *Lucey*, 732 A.2d at 1203.

**6.** We ultimately reject this analysis. *See infra* at 874–75.

**7.** The Commonwealth Court also rejected Parker's contention that he was entitled to additional unreasonable contest attorney's fees related to the County's efforts to seek a

Judge Cosgrove authored a dissenting opinion in which he disagreed with the majority's decision to require Parker's counsel to refund the Section 440 attorney's fees. *Id.* at 1218–19 (Cosgrove, J., dissenting). The dissent observed that Section 440 makes no reference to reimbursement of attorney's fees and disagreed with the majority's conclusion that this case is a logical extension of Barrett. *Id.* Initially, the dissent opined that the *Barrett* decision was arguably premised upon a faulty reading of this Court's decision in *Lucey*, as we merely observed that reimbursement was ordered by the WCJ when reciting the underlying factual history of the case, and we did not opine as to the propriety of such an order.

Moreover, in the dissent's view, the availability of litigation costs and attorney's fees are distinguishable, the latter representing the General Assembly's policy judgment of discouraging unreasonable contests and encouraging competent legal representation. *Id.* at 1219. According to the dissent, the majority undermined this important policy by placing litigation costs and attorney's fees on equal footing. Finally, to the extent there should be a remedy for any inequity in the scenario presented herein, the dissent maintained that the legislature, rather than the courts, should fashion that remedy. *Id.*

This Court subsequently granted Parker's petition for allowance of appeal on the following issues, as phrased by Parker:

(a) Whether the Commonwealth Court erred when it held, without legal precedent, that a workers' compensation claimant's attorney must disgorge and return unreasonable contest attorney's fees if the employer ultimately prevails?

(b) Whether the disgorgement and return of unreasonable contest attorney's

fees when the employer ultimately prevails is better left to the legislature rather than the courts?

*County of Allegheny v. Workers' Compensation Appeal Board (Parker)*, —— Pa. ——, 169 A.3d 566 (2017).

## III. General Principles of Law

■ In order to answer the questions presented in this appeal, we must interpret Pennsylvania's Workers' Compensation Act. Issues of statutory interpretation present this Court with questions of law. Accordingly, our standard of review is *de novo*, and our scope of review is plenary. *Rancosky v. Washington Nat'l Ins. Co.*, —— Pa. ——, 170 A.3d 364, 370 (2017). This Court's interpretation of the Workers' Compensation Act, and indeed of all statutes, is guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501–1991.

Pursuant to the Statutory Construction Act, the object of all statutory interpretation is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). However, when the words of a statute are not explicit, the General Assembly's intent may be ascertained by considering matters other than the statutory language, such as the occasion and necessity for the statute, the circumstances of the statute's enactment, the object the statute seeks to attain, and the consequences of a particular interpretation. 1 Pa.C.S. § 1921(c). Finally, we observe that the Workers' Compensation Act is to be liberally construed in favor of workers in order to effectuate its remedial purpose. *See* 1 Pa.C.S. § 1928(c) (providing for lib-

refund of the attorney's fees. *Parker II*, 151 A.3d at 1217. Parker, however, did not seek

this Court's review of the Commonwealth Court's decision in this regard.

eral construction of statutes to effect their objects and promote justice).

Turning to the text of the Workers' Compensation Act, Section 440 provides, in relevant part, as follows:

> (a) In any contested case where the insurer has contested liability in whole or in part, ... the employe or his dependent ... in whose favor the matter at issue has been finally determined ... shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, ... Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996.[8] Additionally, Section 443 of the Workers' Compensation Act, which establishes a fund to reimburse employers for erroneously awarded workers' compensation benefits, provides, in relevant part, as follows:

> (a) If, in any case in which a supersedeas has been requested and denied ... payments of compensation are made as

a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

Section 443 of the Workers' Compensation Act, 77 P.S. § 999.[9]

## IV. Parties' Arguments

■ With the above framework in mind, we turn to the parties' arguments and their competing interpretations of the applicable statutory provisions.[10] Adopting the posture of the dissent below, Parker contends that he should not be required to disgorge the attorney's fees because there is no express statutory basis for such an order in the Workers' Compensation Act. Parker argues that the Commonwealth Court erred in relying upon its decision in *Barrett*, which dealt with reimbursement of litigation costs rather than attorney's fees, and maintains that the court's decision here will have a chilling effect claimants' attorneys seeking unreasonable con-

8. The full text is set forth *supra* at 865–66 n.1.

9. The full text is set forth *supra* at 868 n.3.

10. As a threshold matter, Parker argues, for the first time, that the WCJ lacked subject matter jurisdiction to entertain the County's reimbursement petition because there is no explicit statutory basis for requiring disgorgement of previously awarded attorney's fees. *See generally In re Melograne*, 571 Pa. 490, 812 A.2d 1164, 1166 (2002) (observing that issues of subject matter jurisdiction cannot be waived). In support of his position, Parker relies upon two cases involving subject matter jurisdiction in the workers' compensation context; *Heath v. WCAB (Pa. Bd. of Probation and Parole)*, 580 Pa. 174, 860 A.2d 25 (2004) and *MPW Industrial Services v. WCAB (Mebane)*, 871 A.2d 318 (Pa. Cmwlth. 2005), *appeal denied*, 584 Pa. 725, 887 A.2d 770 (2005).

As the County correctly notes, those cases are readily distinguishable on their facts and do not support Parker's jurisdictional argument. Indeed, in *Heath*, we described subject matter jurisdiction as "the competency of the court to determine controversies of the general *class* to which the case presented for its consideration belongs." 860 A.2d at 29 (quoting *Strank v. Mercy Hospital of Johnstown*, 376 Pa. 305, 102 A.2d 170, 172 (1954) (emphasis in original)). In other words, subject matter jurisdiction relates to a court's "power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case." *Id.* Parker's contention that the WCJ lacked subject matter jurisdiction to entertain the County's reimbursement petition because it lacks merit conflates the WCJ's subject matter jurisdiction with whether the County is ultimately entitled to the relief it seeks under the Act. Accordingly, we find no merit in Parker's jurisdictional argument.

test fees in future cases. Moreover, to the extent there should be a mechanism for reimbursement of erroneously awarded fees under Section 440, Parker maintains that only the General Assembly can address the problem.[11]

While the County does not directly refute Parker's contention that Section 440 lacks an express provision enabling disgorgement, the County observes that Section 440 plainly allows unreasonable contest attorney's fees only where the claimant is the prevailing party in the underlying proceeding. *See* 77 P.S. § 996 (allowing unreasonable contests attorney's fees for claimants "in whose favor the matter at issue has been finally determined"). The County argues that the Commonwealth Court's decision in this case represents the logical extension of that court's decision in *Barrett*. Though the County acknowledges that *Barrett* involved litigation costs rather than attorney's fees, it contends that this is a distinction without a difference and that it would not make sense to permit reimbursement of one and not the other given that both have their foundation in Section 440.

Moreover, the County argues that it would be inequitable to force it to bear the costs of attorney's fees where it had a reasonable basis for its contest, and that Parker's counsel will be unjustly enriched if the erroneously awarded fees are not disgorged. In this regard, the County observes that courts have frequently utilized equitable principles when interpreting provisions of the Workers' Compensation Act. *See Kiebler v. WCAB (Specialty Tire of America)*, 738 A.2d 510 (Pa. Cmwlth. 1999)

(*en banc*) (holding that the equitable principle of unjust enrichment allowed an employer to recapture a mistaken overpayment made to the claimant); *Roadway Express Inc. v. WCAB (Allen)*, 152 Pa. Cmwlth. 318, 618 A.2d 1224 (1992) (applying the doctrine of laches, despite the lack of statutory basis for doing so, where the employer failed to exercise due diligence in bringing a modification petition).

## V. Analysis

■ Upon consideration of the competing interpretations proffered by the parties, we find ourselves substantially aligned with Parker and the WCJ below, and hold that the Commonwealth Court in this case committed an error of law when it ordered disgorgement of the attorney's fees.

Initially, we note that there is a dearth of case law to support disgorgement of an already paid unreasonable contest attorney's fee under Section 440. Though the Commonwealth Court in *Barrett* relied upon this Court's decision in *Lucey* when concluding that disgorgement is not without precedent, we agree with the observation of the dissent below that the *Lucey* Court merely noted that the WCJ in that case ordered reimbursement when reciting the factual and procedural history of the case, and did not opine as to the validity of such an order where, as in that case, it was not challenged. Thus, *Lucey* supports neither the *Barrett* decision nor the County's position, and we do not rely on either case in reaching our conclusion herein.[12] Rather, our holding is based upon the General Assembly's failure to provide any basis for ordering reimbursement of attorney's fees in the Act, and upon the general policies

---

11. The Pennsylvania Association for Justice has filed an *amicus curiae* brief in support of Parker.

12. Though we reject the Commonwealth Court's reliance on Lucey and *Barrett* in deciding the instant matter, it is beyond the scope of our grant of *allocatur* to determine whether *Barrett* was wrongly decided.

established by the relevant statutory provisions.

Turning to the statutory provisions at issue here, we observe that the Act sets forth the following: (1) if an employer unreasonably contests its liability under the Act and the claimant prevails, then the employer may be required to pay attorney's fees associated with the unreasonable contest, 77 P.S. § 996 (Section 440); (2) an employer may appeal and request a supersedeas of an order requiring payment of workers' compensation or unreasonable contest attorney's fees, as the County did in the case *sub judice, see* Pa.R.A.P. 1781 (stay pending action on petition for review of an order of any government unit) *and* 34 Pa. Code. § 111.21 (setting forth requirements for supersedeas of a workers' compensation order); and (3) if it is ultimately determined that an employer was erroneously required to pay workers' compensation benefits, then it may be reimbursed for those payments by the fund established under Section 443 of the Act; 77 P.S. § 999 (Section 443). Unlike the reimbursement of compensation benefits, for which there is clear statutory support, there is no express concomitant right to reimbursement of attorney's fees under the Section 443 Fund, or, indeed anywhere else in the Act. The County does not dispute the above formulation of the relevant statutory provisions. Rather, it contends that, regardless, equitable principles dictate that an extra-statutory mechanism should be read into the Act to prevent unjust enrichment.

We hold, however, that the intricate statutory scheme enacted by the General Assembly precludes such a reading of the Act. As noted, the General Assembly expressly provided for reimbursement of erroneously paid compensation benefits when it established the Section 443 Fund.

However, despite being aware of the availability of unreasonable contest attorney's fees, and of the requirement that they be paid immediately when awarded, *see* 77 P.S. § 971 (providing that an employer who refuses to furnish payment without being granted a supersedeas shall be subject to a penalty), the legislature simply did not include any provision providing for disgorgement or reimbursement of attorney's fees, if the attorney's fees are ultimately found to be unwarranted. *See Universal AM-CAN, Ltd., supra* (holding that attorney's fees may not be reimbursed from the Section 443 Fund).

Thus, an inference can be drawn from the General Assembly's decision to create a specific fund for reimbursement of compensation benefits, but not for attorney's fees and costs, that it intended the latter to be ultimately borne by the employer once paid. *See Commonwealth v. Johnson,* 611 Pa. 381, 26 A.3d 1078, 1090 (2011) (stating that, as a matter of statutory interpretation, "although one is admonished to listen attentively to what a statute says; one must also listen attentively to what it does not say") (citations omitted). It appears that the General Assembly may have contemplated that the ability to request supersedeas of an attorney's fee award on appeal would suffice to protect employers from having to pay out erroneous awards under Section 440, and that where, as here, an inappropriate award is paid, employers are the better party to absorb the loss.

■ Indeed, the absence of a statutory provision expressly providing for reimbursement of attorney's fees is consistent with the General Assembly's overall policy goals in enacting this statutory scheme. In this regard, it is well-settled that the availability of unreasonable contest attorney's fees under Section 440 is designed to discourage employers from contesting liabili-

ty where doing so is questionable. *Weidner v. Workmen's Compensation Appeal Bd. (Firestone Tire & Rubber Co.)*, 497 Pa. 516, 442 A.2d 242, 244 (1982); *Papernik v. Workmen's Compensation Appeal Bd. (U.S. Steel Corp.)*, 42 Pa.Cmwlth. 81, 399 A.2d 1205, 1207 (1979). Thus, requiring a claimant's attorney to disgorge unreasonable contest fees previously paid in the litigation would chill claimants' attorneys from bringing such claims and would, therefore, make employers more apt to bring unreasonable challenges to their liability. *See Weidner*, 442 A.2d at 245 (stating that to limit Section 440 fees to a claimant's recovery of benefits would discourage lawyers from representing claimants in termination proceedings and that "[s]uch a decrease in the availability of competent legal representation could expose claimants to an increased number of 'unreasonable contests' brought in an effort to force a settlement upon an injured worker.").

It is not the function of this Court to add missing language to a statute in order to provide relief; particularly when doing so would undermine that statute's goals of protecting workers and discouraging employers from unreasonably contesting their liability. Consequently, we decline to engraft on to the Act a means for reimbursement of previously paid counsel fees, where the General Assembly did not see fit to so provide.

## VI. Conclusion

For the reasons set forth above, we hold that Section 440 of the Workers' Compensation Act does not allow disgorgement of an unreasonable contest attorney's fee award that was previously paid to a claimant's counsel. Respectfully, because the Commonwealth Court erred as a matter of law when it ordered reimbursement of the attorney's fees, we vacate its order and reinstate the order of the WCAB.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.