IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Crocker,                         :
            Petitioner                    :
                                          :   No. 401 C.D. 2019
            v.                            :
                                          :   Submitted:  December 11, 2019
Workers' Compensation  Appeal            :
Board (Georgia Pacific LLC),              :
            Respondent                    :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION BY
JUDGE McCULLOUGH                          FILED:  January 30, 2020


            David A. Crocker (Claimant) petitions for review of the March 6, 2019 order of the Workers' Compensation Appeal Board (Board) affirming the decision and order of the Workers' Compensation Judge (WCJ), which granted the petition to review compensation benefits (Review Petition) filed by Georgia Pacific LLC (Employer).

            By way of background, in an earlier stage of this litigation, a WCJ granted Claimant's claim petition and, pursuant to section 440 of the Workers' Compensation Act (Act),[1] ordered Employer to pay Claimant litigation costs—which

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by section 3 of the Act of February 8, 1972, 77 P.S. §996(a).  This provision provides in part as follows:
**(Footnote continued on next page…)**

did not include an award of attorney's fees—that Claimant incurred in connection with the petition because Claimant was the prevailing party. However, after Employer was denied supersedeas and tendered payment to Claimant for the litigation costs, the WCJ's decision was reversed on appeal. *See Crocker v. Workers' Compensation Appeal Board (Dixie Consumer Products, LLC)* (Pa. Cmwlth., No. 803 C.D. 2015, filed February 26, 2016) (unreported), slip op. at 10, *appeal denied*, 157 A.3d 482 (Pa. 2016); Board's decision, 04/16/2015, at 1-7.[2] Thereafter, Employer filed the instant Review Petition, seeking disgorgement from Claimant on the ground that the appellate tribunals ultimately determined that Claimant was not entitled to workers' compensation benefits and, therefore, the WCJ awarded the

---

**(continued…)**

> (a) **In any contested case where** the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, **the employe** or his dependent, as the case may be, **in whose favor the matter at issue has been finally determined** in whole or in part **shall be awarded**, in addition to the award for compensation, **a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings**: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a) (emphasis added). For purposes of this opinion, we distinguish between what is commonly referred to as "litigation costs" under section 440 of the Act, i.e., costs for "witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings," in contradistinction to an award of "attorney's fees" under section 440 for an unreasonable contest.

[2] The decisions of the Board and this Court in *Crocker* may be located in the Reproduced Record (R.R.) at 12a-31a.

litigation costs erroneously. Relying upon *Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280 (Pa. Cmwlth.), *appeal denied*, 13 A.3d 480 (Pa. 2010) (holding, generally, that an employer may obtain reimbursement for litigation costs that were awarded in error under section 440 of the Act), the WCJ granted the Review Petition and ordered Claimant to reimburse Employer the amount of litigation costs that Employer paid to Claimant's counsel. The Board affirmed on appeal.

The issue for this Court to decide is whether our decision in *Barrett* should be overruled in light of the Supreme Court's subsequent decision in *County of Allegheny v. Workers' Compensation Appeal Board (Parker)*, 177 A.3d 864 (Pa. 2018) (*Parker II*) (holding, generally, that an employer cannot obtain reimbursement for attorney's fees that were awarded in error under section 440 of the Act). *See also County of Allegheny v. Workers' Compensation Appeal Board (Parker)*, 151 A.3d 1210 (Pa. Cmwlth. 2016) (*Parker I*), *vacated by Parker II*. Upon review, we are constrained to overrule *Barrett* and, having arrived at this conclusion, we must also reverse the Board.

**Facts/Procedural History**

The relevant facts of this case are undisputed and are as follows. On September 24, 2013, a WCJ issued a decision and order granting a claim petition filed by Claimant against Employer under the Act.[3] In the decision and order, the WCJ found that Claimant submitted an exhibit of reasonable litigation costs totaling $6,527.85 and ordered Employer to pay this amount to Claimant's counsel. By check dated December 6, 2013, Employer paid Claimant's counsel the full amount of the

---

[3] 77 P.S. §§1-1041.1, 2501-2710.

litigation costs. Employer then appealed to the Board, and the Board denied Employer's request for supersedeas. (Reproduced Record (R.R.) at 1a-11a; WCJ's Findings of Fact (F.F.) Nos. 1-5.) *See* 34 Pa. Code §111.21(a)(6)(i)-(iv);[4] *see also* section 443(a) of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §999 (creating the Supersedeas Fund).[5]

---

[4] Pursuant to the Board's regulation at 34 Pa. Code §111.21, a request for supersedeas shall be filed as a separate petition from the appeal and be accompanied with relevant information for the Board's consideration in determining whether the supersedeas request meets the following standards: (1) the petitioner makes a strong showing that it is likely to prevail on the merits; (2) the petitioner shows that, without the requested relief, it will suffer irreparable injury; (3) the issuance of a supersedeas will not substantially harm other interested parties in the proceeding; and (4) the issuance of a supersedeas will not adversely affect the public interest. 34 Pa. Code §111.21(a)(6)(i)-(iv).

[5] In relevant part, section 443 states:

> (a) **If**, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, **payments of compensation are made** as a result thereof **and** upon the final outcome of the proceedings, **it is determined that such compensation was not, in fact, payable, the insurer [that] has made such payments shall be reimbursed therefor** . . . .

> (b) **There is hereby established a** special fund in the State Treasury, separate and apart from all public moneys or funds of this Commonwealth, to be known as the [Workers'] Compensation **Supersedeas Fund**. **The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a)**, to include reimbursement to the Commonwealth for any such payments made from general revenues . . . .

77 P.S. §999 (emphasis added).

Generally speaking, under section 443(a), an employer that requests and is denied supersedeas is eligible to obtain reimbursement from the Supersedeas Fund for "payments of compensation" when, at the final outcome of the proceedings, a court concludes "that such compensation was not, in fact, payable." 77 P.S. §999. In *Universal AM-CAN, LTD. v. Workers'*
**(Footnote continued on next page…)**

4

On April 16, 2015, the Board reversed the WCJ's order granting the claim petition, concluding that the WCJ erred in determining that Claimant met his burden of proving a work-related injury through unequivocal medical evidence. In *Crocker*, this Court affirmed the Board, and our Supreme Court denied Claimant's petition for allowance of appeal on September 13, 2016. (R.R. at 12a-31a; WCJ's F.F. Nos. 6-7.)

On January 4, 2017, Employer filed the current Review Petition, alleging that, after the Board denied its request for supersedeas, it paid $6,527.85 in litigation costs to Claimant's counsel pursuant to the WCJ's decision and order. Employer argued that relief was ultimately not granted to Claimant under the Act because the Board reversed the WCJ's decision and order, and this Court affirmed the reversal in *Crocker*. On this basis, Employer asserted that it was entitled to reimbursement from Claimant's counsel of the litigation costs it previously paid. The WCJ agreed and, on August 2, 2017, issued a decision and order granting the Review Petition and ordering Claimant's counsel to reimburse $6,527.85 to Employer. For support, the WCJ cited our decision in *Barrett*. (WCJ's Conclusion of Law (COL) No. 3-4; decision at 2.)

---

**(continued…)**

*Compensation Appeal Board (Minteer)*, 870 A.2d 961 (Pa. Cmwlth. 2005), this Court concluded that both attorney's fees and litigation costs that are awarded against, and paid by, an employer under section 440 cannot be recouped by the employer from the Supersedeas Fund under section 443(a). In so determining, we emphasized that the language of section 443(a) mandates that an employer can obtain reimbursement from the Supersedeas Fund only for "payments of compensation," which we found were limited to payments made "for wage loss benefits and medical expenses." 870 A.2d at 966-67. We explained that, by its terms, section 440 states that litigation costs and attorney's fees are not "compensation," but are instead payments made "in addition to compensation," and, therefore, these types of payments are not eligible for reimbursement from the Supersedeas Fund. *Id.*

5

Claimant appealed to the Board. While that appeal was pending, on January 18, 2018, our Supreme Court decided *Parker II*.

By decision dated March 6, 2019, the Board affirmed the WCJ. In doing so, the Board also relied upon our decision in *Barrett* and rejected Claimant's argument that *Parker II* should control and mandate a different outcome.

In its decision, the Board correctly noted that in *Barrett*, this Court held that where an employer has been ordered to pay "litigation costs" under section 440, the employer is denied supersedeas and pays those costs, and the legal basis for the award of the costs is later reversed on appeal, "the WCJ can order [the] [c]laimant's counsel to refund the overpayment." *Barrett*, 987 A.2d at 1290. The Board also provided an accurate summation of *Parker II*. In that case, our Supreme Court held that where an employer has been ordered to pay "attorney's fees" under section 440 for an unreasonable contest, the employer is denied supersedeas and pays the fees, and the legal basis for the award of attorney's fees is later reversed on appeal, a WCJ lacks the statutory authority to order "disgorgement or reimbursement of attorney's fees." *Parker II*, 177 A.3d at 867. Viewing *Barrett* alongside *Parker II*, the Board decided that *Barrett* was directly on point because that case dealt solely with "litigation costs" under section 440, while *Parker II* concerned only "attorney's fees," and the WCJ awarded just "litigation costs." *See supra* note 1 (stating that, for purposes of this opinion, this Court differentiates an award of "litigation costs," i.e., costs incurred for "witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings," from an award of an "attorney's fee" under section 440 of the Act). The Board further noted that the Supreme Court in *Parker II* did not expressly overrule *Barrett* and stated that it was "beyond the scope of [its] grant of *allocatur* to determine whether *Barrett* was wrongly decided."

6

*Parker II*, 177 A.3d at 873 n.12. For these reasons, a majority of the Board affirmed the WCJ. (Board's decision at 2-4.)

A Commissioner of the Board authored a dissenting opinion expressing the view that the Supreme Court's decision in *Parker II* rested upon principles of statutory interpretation and, therefore, the reasoning of *Parker II* applied equally to this case. Specifically, the dissenting Commissioner offered the following discussion in support of his conclusion:

> In *Parker* [*II*], the Court examined [s]ection 440 of the Act in great detail and concluded that it contained no statutory mechanism for disgorgement of attorney's fees that were previously paid and supersedeas had been denied. While *Parker* [*II*] only dealt with attorney's fees, the analysis of [s]ection 440 of the Act clearly applies to litigation costs, as that section makes no distinction between the two except when the reasonableness of the contest is at issue. Here, there is no reasonable contest at issue, and thus, no reason to make any distinctions between the payment of attorney's fees or litigation costs. Thus, there is no statutory language or intent by the legislature to provide for disgorgement of either attorney's fees or litigation costs in [s]ection 440 of the Act.

(Board's decision, 3/6/19, Dissenting opinion at 2.)

## Discussion

Before this Court,[6] Claimant contends that the Board erred in relying on our decision in *Barrett* rather than the Supreme Court's decision in *Parker II* and

---

[6] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

observes that *Parker II* constitutes binding authority upon this Court. According to Claimant, the reasoning utilized by the Supreme Court in *Parker II* effected a *sub silentio* overruling of *Barrett*.[7] Claimant argues that a plain reading of *Parker II* reveals that any award of litigation costs or attorney's fees under section 440 cannot be disgorged from a claimant when, after the denial of supersedeas, they are paid by an employer.

In pertinent part, section 440 of the Act states that in,

> **any contested case where** the insurer has contested liability . . . **the employe** . . . **in whose favor the matter at issue has been finally determined** . . . **shall be awarded**, in addition to the award for compensation, **a reasonable sum for costs incurred for attorney's fee, witnesses,**

---

[7] Employer contends that Claimant waived this issue because he did not properly raise it before the Board and failed to cite pertinent law. We disagree. In his appeal form, Claimant generally maintained that the WCJ erred in ordering his counsel to reimburse Employer $6,527.85 and, more precisely, that Employer did not establish that Claimant would not be affected if the litigation costs were reimbursed. Although Claimant did not cite section 440 of the Act or *Barrett*, pursuant to the Board's regulation, Claimant need only provide a "statement of the particular grounds upon which the appeal is based, including reference to . . . the errors of law which are alleged." 34 Pa. Code §111.11(a)(2). Claimant has fulfilled that standard here, and his statement with respect to being affected by the reimbursement is a direct reference to *Barrett*, which the WCJ relied upon to support his decision and order. *See Barrett*, 987 A.2d at 1290 (stating that where reimbursement is ordered, "[i]t is [the claimant's] counsel that will be affected, not [the claimant], and it will not affect [the claimant's] compensation benefits"); WCJ's decision at 2. Therefore, we conclude that Claimant stated the allegation of error with the requisite degree of specificity, the legal issue was not waived, and the Board, therefore, did not err in addressing it. *Cf.* 34 Pa. Code §111.11(a)(2) ("General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.").

As an aside, we note that our Supreme Court did not decide *Parker II* until after Claimant filed his appeal to the Board. However, Pennsylvania follows the general rule that "changes in decisional law which occur during litigation will be applied to cases pending on appeal." *McCloskey v. Workmen's Compensation Appeal Board (J.H. France Refractories, Inc.)*, 460 A.2d 237, 239 n.3 (Pa. 1983); *accord Blackwell v. State Ethics Commission*, 589 A.2d 1094, 1099 (Pa. 1991).

**necessary medical examination, and the value of unreimbursed lost time to attend the proceedings**: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a) (emphasis added).

In *Barrett*, the WCJ and later the Board, in an appeal following a remand to the WCJ, ordered the claimant to reimburse the employer for litigation costs that the employer previously paid to the claimant, namely the costs that the claimant incurred to depose a doctor to perform an impairment rating evaluation (IRE). Ultimately, at the conclusion of the appeal process, the claimant did not prevail in his IRE challenge. In concluding that the WCJ and Board possessed the authority to order reimbursement of litigation costs that were awarded under section 440, this Court reasoned:

> [The employer] requests the Court to order [the claimant's] counsel to disgorge the $3,000.00 payment made by [the employer] while the matter was litigated. The Board denied [the employer's] supersedeas and, thus, [the employer] was required to pay [the claimant's] counsel the $3,000.00 for [the doctor's] deposition while it challenged that aspect of the WCJ's decision. **[The employer] points out that [S]upersedeas [F]und reimbursement is not available for litigation costs.**[8] **Unless this Court orders [the claimant's] counsel to disgorge the $3,000.00,** its appeal will be meaningless and **[the claimant] will enjoy an unjust enrichment**.
>
> [The employer] offers two cases [that] held that a claimant may be ordered to return overpayments where there has been an error in the nature of a mathematical miscalculation of benefits. That is not the situation here. Nevertheless, these cases support the concept that an overpayment can be corrected. **Further, our jurisprudence forbidding the**

---

[8] *See supra* note 5.

9

**return of overpayment of compensation benefits by a claimant [unless the employer obtains reimbursement from the Supersedeas Fund] has no relevance here because litigation costs, not compensation benefits, are at issue**.[9]

Because the WCJ erroneously ordered [the employer] to pay $3,000.00, the WCJ can order [the claimant's] counsel to refund the overpayment. **Such an order, while unusual, is not without precedent**. *See Lucey v. Workmen's Compensation Appeal Board (Vy-Cal Plastics PMA Group)*, **732 A.2d 1201 (Pa. 1999)** (where the WCJ ordered the claimant's counsel to disgorge $35,109.27 that had been improperly awarded as counsel fees). It is [the claimant's] counsel that will be affected, not [the claimant], and it will not affect [the claimant's] compensation benefits.

987 A.2d at 1290 (footnote and some citations omitted) (emphasis added).

In *Parker I*, the Board ordered the employer to pay the claimant $14,750.00 in attorney's fees under section 440 of the Act, finding that the employer engaged in an unreasonable contest. After being denied supersedeas, the employer paid the amount. Thereafter, on appeal, this Court reversed the Board, concluding that the employer not only had a reasonable basis for its contest, but also prevailed as a matter of law in the underlying proceedings. The employer then filed a separate petition before a WCJ, asserting that it was entitled to reimbursement of the attorney's fees from the claimant's counsel under section 440 because the fee award was made in error. The WCJ and the Board denied the petition.

On appeal, we reversed, relying exclusively on our decision in *Barrett*. A panel of this Court opined that "[a]lthough *Barrett* involved non-attorney fee litigation costs, our reasoning in *Barrett* [was] equally applicable to the unreasonable contest attorney fees" and "compels the conclusion that [the employer] is entitled to

_____

[9] *See supra* note 5.

10

an order requiring [the claimant's counsel] to refund the $14,750.00 that he was erroneously awarded." *Parker I*, 151 A.3d at 1214. In reaching this conclusion, we specifically determined that "[e]very factor on which this Court based its holding in *Barrett* [was] present." *Parker I*, 151 A.3d at 1215.

In *Parker I*, this Court first observed that awards of litigation costs and attorney's fees are both made under the same section of the Act, section 440. In this regard, we linked the case to *Barrett*, and stated as follows:

> **Indeed, [s]ection 440 includes unreasonable contest attorney fees as a type of litigation cost**. While awards of attorney fees are subject to additional requirements not applicable to other costs, both unreasonable contest attorney fees and other litigation costs are payment "in addition to the award for compensation," not payment of compensation benefits, and both are equally limited to claimants "in whose favor the matter at issue has been finally determined." *Id.* **Therefore**, as in *Barrett,* an order to refund unreasonable contest attorney fees involves no repayment of compensation benefits and **denying a refund order results in the same unjust enrichment of allowing an unsuccessful claimant's counsel to keep funds that may only be awarded where the claimant is the prevailing party**.

*Parker I,* 151 A.3d at 1215 (emphasis added).

Next, in further analogizing the case to *Barrett*, we believed that the claimant would receive a "windfall" and pointed out that

> **[t]he lack of any other remedy is also the same for unreasonable contest attorney fees as it is for other costs**. Because Supersedeas Fund reimbursement is limited to "payments of compensation," [] only disability and medical payments can be recovered and **an employer, following a successful appeal, has no recourse from the Supersedeas Fund for either unreasonable contest attorney fees or other litigation costs**. Finally, as in *Barrett,* the order sought by [the employer] here would

11

require only that [claimant's counsel] refund money that he received and would not require any payment from [the claimant].

*Parker I*, 151 A.3d at 1215.

Accordingly, this Court in *Parker I* concluded that the WCJ and the Board erred in denying the employer's petition for an order directing the claimant's counsel to refund the attorney's fees that were awarded under section 440. We reversed and remanded the matter to the appropriate administrative tribunal with instructions to grant the employer's petition and order the claimant's counsel to reimburse the employer the $14,750.00 that the employer paid for attorney's fees.

On further appeal, our Supreme Court in *Parker II* vacated our decision in *Parker I* and reinstated the order of the Board denying the employer's petition for reimbursement. In *Parker II*, the claimant's primary contention was that he should not be required to disgorge the attorney's fees because there is no express statutory basis for such a directive in the Act, and that only the General Assembly has the authority to create a mechanism for reimbursement of fees that were awarded in error under section 440.

In response, the employer chiefly argued that *Parker I* was a modest and natural extension of *Barrett* and, although *Barrett* involved litigation costs other than attorney's fees, the distinction was irrelevant because litigation costs and attorney's fees are both granted and awarded pursuant to section 440. Citing cases where the courts have used equitable principles when interpreting provisions of the Act, the employer also argued that it would be unfair to require it to pay attorney's fees when it had a reasonable basis for its contest and that the claimant's counsel would be unjustly enriched if the employer was unable to obtain reimbursement.

In addressing these arguments, the Supreme Court in *Parker II* began by commenting on our decision in *Barrett* and stated as follows:

12

**Initially, we note that there is a dearth of case law to support disgorgement of an already paid unreasonable contest attorney's fee under [s]ection 440**. Though the Commonwealth Court in *Barrett* relied upon this Court's decision in *Lucey* when concluding that disgorgement is not without precedent, [] the *Lucey* Court merely noted that the WCJ in that case ordered reimbursement when reciting the factual and procedural history of the case, and did not opine as to the validity of such an order where, as in that case, it was not challenged. Thus, *Lucey* **supports neither the *Barrett* decision nor the [the employer's] position, and we do not rely on either case in reaching our conclusion herein. Rather, our holding is based upon the General Assembly's failure to provide any basis for ordering reimbursement of attorney's fees in the Act, and upon the general policies established by the relevant statutory provisions**.

*Parker II*, 177 A.3d at 873-74 (emphasis added).

From this threshold observation, the Supreme Court discussed the applicable statutory scheme of the Act and its relationship to concepts that were founded in equity:

**Turning to the statutory provisions at issue here, we observe that** the Act sets forth the following: (1) **if an employer unreasonably contests its liability under the Act and the claimant prevails**, then the employer may be required to pay attorney's fees associated with the unreasonable contest, 77 P.S. §996 []; (2) an employer may appeal and request a supersedeas of an order requiring payment of workers' compensation or unreasonable contest attorney's fees, as the [employer] did in the case *sub judice*, []; **and** (3) if **it is ultimately determined that an employer was erroneously required to pay workers' compensation benefits, then it may be reimbursed for those payments by the [Supersedeas Fund] established under [s]ection 443 of the Act**; 77 P.S. §999[]. **Unlike the reimbursement of compensation benefits, for which there is clear statutory support**, there is no express concomitant right to reimbursement of attorney's fees

13

**under [] [s]ection 443 [], or, indeed anywhere else in the Act**. The [employer] does not dispute the above formulation of the relevant statutory provisions. Rather, [**the employer**] **contends that**, **regardless**, **equitable principles dictate that an extra-statutory mechanism should be read into the Act to prevent unjust enrichment.**

**We hold, however, that the intricate statutory scheme enacted by the General Assembly precludes such a reading of the Act. As noted, the General Assembly expressly provided for reimbursement of erroneously paid compensation benefits when it established the [Supersedeas] Fund. However**, despite being aware of the availability of unreasonable contest attorney's fees, and of the requirement that they be paid immediately when awarded, see [section 430 of the Act,] 77 P.S. §971 (providing that an employer who refuses to furnish payment without being granted a supersedeas shall be subject to a penalty), **the legislature simply did not include any provision providing for disgorgement or reimbursement of attorney's fees, if the attorney's fees are ultimately found to be unwarranted**.

*Parker II*, 177 A.3d at 874 (some internal citations omitted).

Upon its review of the pertinent provisions of the Act and their interplay in overall context of the Act, the Supreme Court deduced the following conclusion:

**Thus, an inference can be drawn from the General Assembly's decision to create a specific fund for reimbursement of compensation benefits, but not for attorney's fees *and* costs, that it intended the latter to be ultimately borne by the employer once paid**. It appears that the General Assembly may have contemplated that the ability to request supersedeas of an attorney's fee award on appeal would suffice to protect employers from having to pay out erroneous awards under [s]ection 440, and that where, as here, an inappropriate award is paid, employers are the better party to absorb the loss.

\*   \*   \*

14

> It is not the function of this Court to add missing language to a statute in order to provide relief; particularly when doing so would undermine that statute's goals of protecting workers and discouraging employers from unreasonably contesting their liability. **Consequently, we decline to engraft on to the Act a means for reimbursement of previously paid counsel fees, where the General Assembly did not see fit to so provide**.

*Parker II*, 177 A.3d at 874-75 (internal citations omitted) (emphases added).

Based on these reasons, the Supreme Court held that section 440 of the Act does not permit an employer, after requesting and being denied supersedeas, to disgorge attorney's fees that it paid to a claimant's counsel for an unreasonable contest when an appellate tribunal subsequently determines that the award of attorney's fees was made in error.

Despite its analysis and conclusion, the Supreme Court stated in a footnote: "Though we reject the Commonwealth Court's reliance on *Lucey* and *Barrett* in deciding the instant matter, it is beyond the scope of our grant of *allocatur* to determine whether *Barrett* was wrongly decided." *Parker II*, 177 A.3d at 873 n.12.

Turning to the issue presented, we note that "[u]nder *stare decisis*, we are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated." *Pries v. Workers' Compensation Appeal Board (Verizon Pennsylvania)*, 903 A.2d 136, 144 (Pa. Cmwlth. 2006). One example of a compelling reason is where an intervening decision by the Pennsylvania Supreme Court calls into question a previous decision of this Court and clearly indicates that our decision "no longer accurately states the law of this Commonwealth." *LaValle v. Office of General Counsel of the Commonwealth*, 737 A.2d 330, 332 (Pa. Cmwlth. 1999), *aff'd*, 769 A.2d 449 (Pa. 2001). In such a situation, this Court will not hesitate to declare that our precedent

has effectively "been [] overruled by a recent decision of the Pennsylvania Supreme Court." *Rossi v. Indiana County Tax Claim Bureau*, 494 A.2d 526, 528 (Pa. Cmwlth. 1985).[10] Recently, this Court explained that the legal rule, or "holding," of a case includes the reasoning essential to and in support of it, and that, "[o]n a fundamental level, a legal rule can only go so far as the reason that carries it." *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 412 (Pa. Cmwlth. 2019) (en banc). Thus, if there is a change in the law, whether it be statutory or decisional, that severely erodes the rationale that once constituted and sustained the considered judgment of our precedent, our precedent has been displaced and must give way to that change in the law. *See id.* at 412-14.

Upon review, we conclude that our decision in *Barrett* cannot survive scrutiny under *Parker II* and that the analysis employed by our Supreme Court in that case had a superseding effect on *Barrett*. As an initial matter, our Supreme Court noted that, but for *Barrett*, there was no basis in the decisional law "to support disgorgement of an already paid unreasonable contest attorney's fee under [s]ection 440." *Parker II*, 177 A.3d at 873. Importantly, in *Parker I*, this Court depended entirely upon *Barrett* and placed full reliance on its rationale. More specifically, we found that "our reasoning in *Barrett* [was] equally applicable to [] unreasonable contest attorney fees" and that, therefore, *Barrett* "compels the conclusion" that the employer was entitled to reimbursement under section 440. *Parker I*, 151 A.3d at 1214-15. In importing the analysis of *Barrett* on a wholesale basis, this Court in *Parker I* emphasized that, "as in *Barrett*," 151 A.3d at 1214, the claimant would be

---

[10] *See, e.g.*, *Department of Corrections v. Unemployment Compensation Board of Review*, 943 A.2d 1011, 1015 n.3 (Pa. Cmwlth. 2008); *Two Sophia's, Inc. v. Pennsylvania Liquor Control Board*, 799 A.2d 917, 919 n.3 (Pa. Cmwlth. 2002); *Holland v. Norristown State Hospital*, 584 A.2d 1056, 1058 n.7 (Pa. Cmwlth. 1990).

the recipient of unjust enrichment if the employer was denied a refund because an employer has no recourse from the Supersedeas Fund. This justification, along with a citation to our Supreme Court's decision in *Lucey*, constitutes the pillar that sustained the holding in *Barrett* and, *a fortiori*, the holding in *Parker I*.

However, in refuting our decision in *Parker I*, the Supreme Court necessarily discredited our decision in *Barrett* and, in so doing, essentially overruled that case. In *Parker II*, our Supreme Court expressly rejected the idea that "equitable principles . . . should be read into the Act to prevent unjust enrichment," determining "that the intricate statutory scheme enacted by the General Assembly precludes such a reading of the Act." *Parker II*, 177 A.3d at 874. The Supreme Court also denounced the *Barrett* Court's reliance on its decision in *Lucey* as proof "that disgorgement is not without precedent" and concluded, instead, that "*Lucey* supports neither the *Barrett* decision nor the [employer's] position" in *Parker II*. 177 A.3d at 873-74. With these conclusions, the Supreme Court in *Parker II*, for all intents and purposes, rendered *Barrett* foundationless.

In addition, and significantly, the Supreme Court determined that the *Parker I* Court placed unfounded "reliance on . . . *Barrett* in deciding the instant matter." *Parker II*, 177 A.3d at 873 n.12. As explained above, our decision in *Parker I* was wholly and inexorably dependent upon the reasoning of *Barrett*. Since *Parker I* rises or falls based upon the status of *Barrett*, and the Supreme Court in *Parker II* made clear that this Court in *Barrett* erred in applying equitable principles rather than conducting a statutory construction analysis, then, as a necessary corollary, *Barrett* is no longer good law.

This conclusion is bolstered by the Supreme Court's penultimate conclusion that "the General Assembly, in enacting the [Act], did not provide any

17

mechanism by which employers can recoup erroneously awarded counsel fees, once paid," "there is no statutory provision authorizing reimbursement if the award is reversed," and, therefore, the [employer] may not recoup the already paid attorney's fees from the [claimant's] counsel." *Parker II*, 177 A.3d at 865. Just as there is no statutory mechanism to provide reimbursement to an employer for erroneously awarded attorney's fees in section 440 of the Act, there is no statutory mechanism to provide reimbursement to an employer for erroneously awarded litigation costs in section 440 of the Act. Indeed, our Supreme Court drew the inference that the General Assembly intended the employer to absorb payments made for both "attorneys' fees **and** costs" under section 440, *Parker II*, 177 A.3d at 874, and neither attorney's fees nor litigation costs are eligible for reimbursement from the Supersedeas Fund, *Universal AM-CAN, LTD.*, 870 A.2d at 966-67.

Consequently, because both "attorney's fees" and "litigation costs" are awarded pursuant to section 440, and any perceived distinction between the two is superficial and immaterial in the sense and circumstance where they are awarded erroneously, *Barrett* is not legally distinguishable from *Parker II*. And, because the holding in *Barrett* directly conflicts with the holding in *Parker II*, in terms of reasoning and disposition, *Barrett* must be considered as retaining no vitality in the post-*Parker II* landscape. In sum, the core holding in *Parker II* has superseded the holding in *Barrett* and, contrary to what we said in *Barrett*, an employer cannot recoup litigation costs under section 440 from a claimant's counsel in the situation where the employer is denied supersedeas and it is later determined that the award of litigation costs was made in error.

18

**Conclusion**

Although our Supreme Court stated that it was outside the scope of its grant of allowance of appeal "to determine whether *Barrett* was wrongly decided," *Parker II*, 177 A.3d at 873 n.12, the Court did all the leg work necessary for us to make such a determination. Based upon our reading of *Parker II* and the pertinent statutory sections of the Act, we conclude that *Barrett* and *Parker II* represent an irreconcilable conflict: Whereas the *Barrett* court concluded that the equitable doctrine of unjust enrichment supported reimbursement of erroneously awarded litigation costs, the *Parker II* court concluded that the doctrine was an inapplicable "extra-statutory mechanism" that could not be read into the Act. *Parker II*, 177 A.3d at 874. Having undermined the principal rationale of *Barrett*, the Supreme Court in *Parker II* then announced a legal rule or holding that contradicted—and was directly opposite to—the one derived in *Barrett*. As a result, we conclude that *Parker II* abrogated *Barrett*, albeit not expressly, but nonetheless indubitably.

Accordingly, for the above-stated reasons, this Court expressly overrules *Barrett*. Consequently, we reverse the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Crocker,                              :
                    Petitioner                   :
                                  :    No. 401 C.D. 2019
             v.                               :
                                  :
Workers' Compensation  Appeal              :
Board (Georgia Pacific LLC),                :
                   Respondent               :

## *__ORDER__*

      AND NOW, this 30th day of January, 2020, the March 6, 2019 order of the Workers' Compensation Appeal Board (Board) is hereby reversed.

_____

PATRICIA A. McCULLOUGH, Judge